UNITED STATES of America, Plaintiff,

v.

**John H. ROWIN, Jr., Defendant.**

**No. CIV–80–726E.**

United States District Court,
W.D. New York.

Nov. 15, 1982.

Kathleen M. Mehltretter, Buffalo, N.Y., for plaintiff.

Peter J. Marinelli, Dunkirk, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action the plaintiff United States of America ("the Government") seeks judgment against the defendant in the amount of $1,060.93, the total of educational funds allegedly received by defendant from the Veterans' Administration from January through May, 1977. By his Answer defendant admits receipt of at least part of the claimed sum and that demand was made upon him by the Government for the amount claimed herein. Nevertheless, he asserts two affirmative defenses—to wit, that he was denied the opportunity to contest the matter before the Veterans' Administration and/or obtain a waiver of the overpayment and that such denial violates 38 U.S.C. § 3102(a) and regulations promulgated thereunder at 38 C.F.R. § 1.963.

The Government's response to defendant's affirmative defenses is set forth in an affidavit by counsel, sworn to September 9, 1981, and submitted in support of its pending motion for summary judgment.

Deponent states in pertinent part:

"3. On October 27, 1980, this office requested the Veterans Administration review the file of John Rowin for purposes of granting a waiver.[1]

"4. I have reviewed the Veterans Administration file of John H. Rowin, Jr.

---

1. Notably, this action was commenced on August 12, 1980, and defendant's answer filed

October 15, 1980.

which relates to his receipt of educational benefits. That file contains a memorandum dated December 10, 1980 from J.Z. Schultz of Adjudication Unit 3 to the District Counsel. It states that no adjustment of award is necessary as the mitigating circumstances are not of issue or acceptance and that a request for waiver was not received within the two year time period.

"5. On December 17, 1980, we were advised that the waiver was not granted for the aforementioned reasons.

"6. There is no requirement that the veterans [sic] be informed of the result of his waiver request before a complaint is filed."

In reliance on these allegations, the Government asserts that its claim is ripe for summary judgment.

In defendant's affidavit in opposition to summary judgment he states that he attended a community college in California from January to March or April, 1977 when he withdrew from two courses. Shortly thereafter he stopped attending classes entirely because his car became unusable. Defendant contends that without a car he was unable to traverse the thirty miles of the Mohave desert between his residence and the school. He states that he informed the school and the Veterans' Administration of each change in his student status as it took place, responded to all subsequent communications from the Veterans' Administration and twice requested a waiver of the alleged overpayment, in or about June 1977 and again in 1980. Defendant contends that the circumstances under which he stopped attending school warrant a waiver of repayment of educational benefits received.

■ 38 U.S.C. § 211(a) enunciates that decisions of the Administrator of Veterans' Affairs as to:

"any question of law or fact under any law administered by the Veterans' Administration providing benefits for veter-

ans * * * shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."

This limitation on judicial review was intended to serve two primary purposes—namely, to prevent the federal courts from becoming burdened with litigation over veterans' benefits, and to insure the uniform application of the often complex policies of the Veterans' Administration. *See, Johnson v. Robison,* 415 U.S. 361, 370, 94 S.Ct. 1160, 1167, 39 L.Ed.2d 389 (1974).[2]

■ If the decision before me reflected a final decision of the Administrator, I would have no choice but to grant summary judgment to the Government. I am, however, confronted with a request to grant judgment on a debt, the existence and amount of which is still subject to administrative review. Under such circumstances neither judicial economy nor administrative efficiency is served by the granting of a summary judgment.

Section 1780(a)(4) of Title 38 provides that no educational benefits shall be paid for a course from which the student withdraws unless the Administrator finds that there are mitigating circumstances. In the absence of mitigating circumstances payments that are received constitute overpayments. Section 1780(e) further provides that erroneously paid educational allowances may be recovered as any other debt owed the Government unless waived pursuant to 38 U.S.C. § 3102 which states:

"There shall be no recovery of payments or overpayments of any benefits (or any interest thereon) under any of the law administered by the Veterans' Administration whenever the Administrator determines that recovery would be against equity and good conscience, if an application for relief is made within two years from the date of notification of the in-

---

**2.** *Johnson* provides an interesting discussion of the continuing struggle between Congress and

the courts over the application of this section.

debtedness by the Administrator to the payee."

Though each of such provisions vests decision-making authority in the Administrator, that authority is necessarily delegated to and exercised through an internal administrative process which includes at least two levels of review. The first level of review of a waiver request, for example, is conducted by the "Committees on Waivers" under the direction of the Director of each regional office. 38 C.F.R. § 1.955. It is apparently the decision of this body to which counsel for the Government refers in her affidavit. The other decision referred to is that of the Adjudication Officer regarding mitigating circumstances.

 It is clear from the statement of plaintiff's counsel that prompt recourse to the second level of review before the Board of Veterans' Appeals was precluded by the Government's failure to advise defendant of its decision, apparently on the belief that no such notification is necessary. Such belief is erroneous under the Act (38 U.S.C. § 4001, *et seq.*) and regulations (38 C.F.R. § 19.1, *et seq.*) and offends logic and common notions of due process.

Under the regulations any initial decision—such as a denial of a request for waiver—of the Veterans' Administration is not final if the claimant pursues an administrative appeal. *See,* 38 U.S.C. § 4005(c), 38 C.F.R. § 19.153. Without describing in detail the claimant's rights regarding the appeals procedure, the statute presumes and the regulations prescribe that the claimant be informed of the initial decision and advised of his right to appeal. *See,* 38 C.F.R. § 19.109(a). Given the defendant's clear desire to pursue such an appeal, the matter before me should be stayed pending completion of the appeals process and the rendering of a final decision by the Administrator. Given the Government's conceded failure to inform defendant of its initial decision prior to the filing of the affidavit of its counsel September 9, 1981, the one-year period of limitation during which an appeal must be perfected commenced on that date.

For the foregoing reasons, the Government's motion for summary judgment is hereby ORDERED denied, and further proceedings are hereby ORDERED stayed pending a final decision by the Administrator. The Government may renew its request for summary judgment at that time.